UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**CYNTHIA HAFFORD**                         **CASE NO. 1:22-CV-03749**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**DOVER BAY SPECIALTY INSURANCE             MAGISTRATE JUDGE KAY
CO ET AL**

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 21] filed under Federal Rule of Civil Procedure 12(b)(6) by defendants State Farm General Insurance Company and Dover Bay Specialty Insurance Company. Plaintiff opposes the motion. Doc. 26.

I.
BACKGROUND

This suit arises from alleged property damage to plaintiff's home in Pineville, Louisiana, during Hurricane Laura and Hurricane Delta. Plaintiff, who was then represented by attorneys at the law firm McClenny, Moseley & Associates, PLLC ("MMA"), filed suit against Dover Bay Specialty Insurance Company ("Dover Bay"), State Farm Fire and Casualty Company ("SFFC"), and State Farm General Insurance Company ("State Farm General"), in this court on August 24, 2022, raising claims of breach of insurance contract and bad faith. Following hearings on irregularities in MMA's hurricane suits filed in this district and misconduct committed by its attorneys in relation thereto, the court stayed all cases filed by the firm on October 21, 2022, and suspended all attorneys

affiliated with that firm on March 4, 2023. Doc. 11. On April 25, 2023, new counsel enrolled for plaintiff and the stay was lifted as to her case. Doc. 17.

State Farm General and Dover Bay now move for dismissal of the claims against them, on the grounds that plaintiff's policy was issued by SFFC. Doc. 21; *see* doc. 21, att. 2 (policy). Plaintiff opposes the motion, arguing that she has not been able to obtain her own copy of the entire policy and must assume that her previous attorneys included Dover Bay and State Farm General for a reason. Doc. 26.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6) Standards*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

Defendants have provided the policy at issue in this matter, which is within the scope of the court's consideration since it is central to and referenced in the complaint. The policy shows that SFFC is the proper defendant to plaintiff's first-party insurance claims. Plaintiff's speculation that her former attorneys might have had a reason for suing two additional insurers is insufficient to show a claim for relief against them. Accordingly, the motion should be granted.

### III. CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 21] will be **GRANTED** and all claims against State Farm General and Dover Bay will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 30th day of June, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE